UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| AMY MURPHY, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 5:14-cv-02489-RDP |
| } | |
| RYAN McCARTHY, in his capacity as } | |
| Secretary of the United States Department } | |
| of the Army, } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION

This "mixed-case appeal" is before the court on Plaintiff's petition for judicial review of the final decision of the United States Merit Systems Protection Board ("MSPB"). The petition has been fully briefed. (Docs. # 55, 61, 64). After careful review, and for the following reasons, the MSPB's decision is due to be affirmed.

**I.      Background**

On October 10, 2010, Plaintiff Amy Murphy ("Plaintiff" or "Murphy") began working as a NH-III Program Analyst in the Targets Management Office ("TMO") for the Project Manager for Instrumentation, Targets and Threats Simulators at the U.S. Army Program Executive Office for Simulation, Training and Instrumentation (the "Agency") at Redstone Arsenal ("Redstone") in Alabama. (A.R. Vol. 1, Tab 5 at p. 4; *see* A.R. Vol. 3, Tab 30 at p. 1). Plaintiff's position required that she maintain security clearance and that she obtain Level III Acquisition Certification, as mandated by the Defense Acquisition Workforce Improvement Act

("DAWIA"), within twenty-four months from her start date.[1] (A.R. Vol. 1, Tab 5 at p. 4, 12, 16, 19, 35, 38-55; *see* A.R. Vol. 3, Tab 30 at p. 2). Plaintiff's immediate supervisor at Redstone was Arnatta Poole ("Poole"), the Business Manager of the Redstone TMO, and her secondary supervisor was Bruce Truog ("Truog"), the Deputy Director and Chief of Operations at the TMO in Redstone. (A.R. Vol. 4[2] at p. 8, 10, 20, 266).

Dr. Regina Doody-Lundy ("Dr. Doody"), a board-certified psychiatrist, has treated Murphy since 2010 for bipolar disorder. (A.R. Vol. 4 at p. 175, 191). Due to her disorder, Murphy is often depressed and experiences racing thoughts, concentration problems, distractibility, sleeping problems, and spending sprees. (*Id.* at p. 184, 230). Murphy alleges that, after she informed Poole about her bipolar disorder in October 2011, she began to have negative interactions with Poole that caused her significant stress. (*Id.* at p. 186, 275-76). In February 2012, Dr. Doody requested that Murphy be granted leave under the Family and Medical Leave Act ("FMLA") and that the Agency change Murphy's supervisor. (A.R. Vol. 1, Tab 12 at 47; A.R. Vol. 3, Tab 29 at p. 5; A.R. Vol. 4 at p. 186-87, 202). Dr. Doody sent these requests to Poole. (A.R. Vol. 4 at 187-88).

In April 2012, the Agency extended Murphy's time to obtain her required Level III Acquisition Certification by six months, making her new deadline April 26, 2013. (A.R. Vol. 1, Tab 5 at p. 5, 19). On May 25, 2012, Murphy signed a memorandum acknowledging the April 26, 2013 deadline to acquire the Level III Acquisition Certification. (*Id.* at p. 26, 27). In early 2013, Dr. Doody again requested that Murphy be granted FMLA leave and that her supervisor be changed. (A.R. Vol. 3, Tab 29 at p. 5; A.R. Vol. 4 at 202). Murphy's security clearance was

---

[1] Plaintiff did "not dispute that the Level III Acquisition Certification is a requirement of her position . . . ." (A.R. Vol. 4 at p. 2).

[2] The court refers to the Hearing Transcript as Volume 4 of the Administrative Record.

2

suspended on April 8, 2013, and she was placed on administrative leave. (A.R. Vol. 1, Tab 5 at p. 21; A.R. Vol. 4 at p. 247). In attempt to find an equivalent position for Murphy, in September 2013 a Redstone Human Resources Specialist circulated an email requesting a continuous job search at Redstone for a program analyst position that did not require security clearance. (A.R. Vol. 1, Tab 5 at p. 23; A.R. Vol. 4 at p. 248, 251, 261-62).

On October 17, 2013, Poole sent Murphy a Notice of Proposed to Removal, explaining that Murphy's proposed removal was due to her failure to satisfy a condition of employment - she had failed to obtain a Level III Acquisition Certification. (A.R. Vol. 1, Tab 5 at p. 19-21). On December 10, 2013, Truog rendered a decision that sustained the charges against Plaintiff, removed her from federal service, and specified reconsideration and appeal rights. (*Id.* at p. 12-14). Through counsel, Murphy filed a timely appeal of her removal with the MSPB. (A.R. Vol. 1, Tab 1).

On October 29, 2014, the Administrative Law Judge ("ALJ") rendered an initial decision (Docket Number AT-0752-14-0358-I-1) affirming the Agency's action. (A.R. Vol. 3, Tab 30). Specifically, the ALJ found that: (1) the Agency established that Murphy failed to meet a condition of employment; (2) although Murphy was a disabled person, she failed to establish that she was a "qualified individual with a disability;" (3) Murphy failed to establish that the Agency committed harmful procedural error; and (4) the Agency established that the penalty of removal was reasonable. (*Id.*). The ALJ's decision became final on December 3, 2014. (*Id.*).

Plaintiff timely filed her Complaint on December 30, 2014, alleging four claims: (1) disability discrimination under the Rehabilitation Act, 29 U.S.C. § 791; (2) disability discrimination (based upon a failure to reassign her); (3) disability discrimination (claiming Defendant had a bad-faith interactive process); and (4) judicial review of the MSPB's final

3

decision (which Plaintiff contends should be vacated). (Doc. # 1). On April 8, 2015, the court dismissed Plaintiff's first claim (premised on the suspension of her security clearance) for lack of subject matter jurisdiction under *Department of Navy v. Egan*, 484 U.S. 518 (1988), and *Hill v. White*, 321 F.3d 1334 (11th Cir. 2003). (Doc. # 15). On August 12, 2016, the court dismissed Plaintiff's second and third claims for lack of subject matter jurisdiction. (Docs. # 47, 48). The court concluded that Plaintiff did not satisfy her administrative remedies and, further, that her third claim was not a stand-alone claim. (*Id.*). After the court received the administrative record from the MSPB, the court ordered the parties to submit briefs on Plaintiff's fourth claim. (Doc. # 49). The court reviews the MSPB's final decision, in turn.

## II. Standard of Review

"The Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 1101 *et seq.*, establishes a framework for evaluating personnel actions taken against federal employees." *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012). Under the CSRA, an employee has a right to appeal a federal agency's decision to take a serious personnel action,[3] such as removal from employment, to the MSPB. *Id.* "When an employee complains of a personnel action serious enough to appeal to the MSPB and alleges that the action was based on discrimination, she is said (by pertinent regulation) to have brought a 'mixed case.'" *Id.* (citing 29 CFR § 1614.302). If, as in this case, "the MSPB decides against the employee on the merits of a mixed case, [5 U.S.C. § 7703(b)(2)] instructs her to seek review in federal district court . . . ." *Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975, 1981 (2017).

---

[3] Serious personnel actions that entitle an employee to appeal to the MSPB include "(1) a removal; (2) a suspension for more than 14 days; (3) a reduction in grade; (4) a reduction in pay; and (5) a furlough." 5 U.S.C. § 7512; *see Kloeckner*, 568 U.S. at 55.

4

In a mixed-case appeal, the court reviews discrimination claims *de novo* and nondiscrimination claims based on an arbitrary and capricious standard. *See* 5 U.S.C. § 7703(c); *see also Kelliher v. Veneman*, 313 F.3d 1270, 1274-75 (11th Cir. 2002). The court reviews nondiscrimination claims, such as the MSPB's affirmation of a termination, based on the administrative record and sets aside any agency action, findings, or conclusions found to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Kelliher*, 313 F.3d at 1274. Furthermore, in reviewing the MSPB's decision, the court may not substitute its judgment for that of the agency; rather, the court's role is to ensure that the decision is reasonable, rational, and did not involve a clear error in judgment. *Baker v. Sec'y, U.S. Dep't of Transp.*, 452 F. App'x 934, 937 (11th Cir. 2012).

In this case, the court has already reviewed and dismissed Plaintiff's discrimination claims. (Docs. # 15, 47, 48). As such, the court now reviews Plaintiff's nondiscrimination claims using the arbitrary and capricious standard. *See* 5 U.S.C. § 7703(c); *see also Kelliher*, 313 F.3d at 1274-75.

## III. Analysis

Plaintiff seeks judicial review of the MSPB's final decision affirming her termination. (Doc. # 55). Plaintiff argues that (1) the ALJ affirmation of the Agency's removal decision did not follow procedures required by law, rule, or regulation because the Agency did not follow its own procedures when it decided to remove Murphy; (2) the ALJ's decision not to consider other suggested reasonable accommodations was an abuse of discretion; (3) the ALJ's finding that a change in supervisors was not a reasonable accommodation is arbitrary, capricious, and an abuse

5

of discretion because conflicting law exists; (4) the ALJ's holding that the record does not reflect that Murphy put the Agency on notice that her medical condition prevented her from obtaining the required certification is arbitrary, capricious, and an abuse of discretion; (5) the ALJ's finding that Murphy is not a qualified disabled employee did not follow procedures required by law, rule, or regulation; and/or (6) the ALJ's decision that the Agency established the penalty of removal was reasonable was an abuse of discretion because the Agency failed to consider mitigating factors. (Doc. # 55). The court has already decided Plaintiff's discrimination claims (Docs. # 15, 48) and will not repeat its review of these claims. Rather, the court considers whether the MSPB's decision was arbitrary, capricious, or an abuse of discretion; obtained without following procedures required by law, rule, or regulation; or unsupported by substantial evidence. *See* 5 U.S.C. § 7703(c).

### A. The MSPB's Decision Was Not Arbitrary, Capricious, or an Abuse of Discretion

"'Along the standard of review continuum, the arbitrary and capricious standard gives [a] court the least latitude in finding grounds for reversal.'" *Baker*, 452 F. App'x at 937 (citing *N. Buckhead Civic Ass'n v. Skinner*, 903 F.2d 1533, 1538 (11th Cir.1990)). The court "must only 'consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error in judgment.'" *Kelliher*, 313 F.3d at 1276. Here, the court has thoroughly reviewed the administrative record and finds that the MSPB's decision was not arbitrary, capricious, or an abuse of discretion.

#### 1. The MSPB's Decision that Removal Was Reasonable Was Not an Abuse of Discretion

The ALJ "articulated the reasons for its fact finding decisions in [the] written opinion and applied those facts to the legal standards governing" Plaintiff's claims. *Kelliher*, 313 F.3d at 1276-77. In finding that the Agency established that Plaintiff did not meet a condition of

6

employment by failing to obtain her Level III Acquisition Certification, the ALJ noted that Plaintiff did not dispute that the Level III Acquisition Certification was a requirement of her position nor did she dispute that she failed to meet this requirement. (A.R. Vol. 3, Tab 30 at p. 2). The ALJ also found that the Agency established that the penalty of removal was reasonable, explaining that the MSPB "will modify a penalty only when it finds that the agency's judgment clearly exceeded the bounds of reasonableness, or that the agency failed to conscientiously consider relevant mitigating factors." (*Id.* at p. 9-11 (citing *Douglas v. Veterans Admin.*, 5 M.S.P.R. 280, 306 (1981)).

The ALJ heard testimony from the deciding official, Troug, who explained that "in deciding the appropriate penalty, he considered that [Plaintiff] was clearly on notice of the requirement that she obtain the Level III certification 24 months after being appointed to the position," that "the agency provided all of the resources [Plaintiff] needed to obtain the Level III certification," and that "the agency granted [Plaintiff] a six-month extension beyond the two-year deadline" to obtain this required certification. (A.R. Vol. 3, Tab 30 at p. 10). After hearing the testimony of Troug and considering applicable law,[4] the ALJ "was persuaded that [Troug] considered all the relevant facts" and that the Agency's action did not exceed the bounds of reasonableness. (*Id.* at p. 10-11). In weighing whether the Agency considered mitigating factors, the ALJ noted that the Agency granted Plaintiff a six-month extension, highlighted that the Agency searched for a different position for Plaintiff (although it was under no obligation to do so), and found Troug's testimony that "he had no confidence that [Plaintiff] could do her job" credible. (*Id.* at p. 10). The court finds that there is no clear error in the ALJ's judgment in approving Plaintiff's discharge.

---

[4] The ALJ noted that under *Radcliffe v. Dep't of Transp.*, 57 M.S.P.R. 237, 241, an agency "acts well within the bounds of reasonableness to remove [an] employee" when the employee fails to meet a condition of employment.

## 2. Plaintiff Asks the Court to Reevaluate Her Discrimination Claims

Plaintiff contends that the ALJ's holding that a change in supervisors is not a reasonable accommodation and the ALJ's decision not to consider other suggested reasonable accommodations were both abuses of discretion. (Docs. # 55, 64). The court previously dismissed Plaintiff's discrimination and failure-to-provide reasonable accommodations claims and finds it unnecessary to explore these claims again.[5] (Docs. # 47, 48). However, the court notes that the ALJ's rulings regarding reasonable accommodations were well within the ALJ's authority and fully in line with applicable law.

In reaching its decision on the requests for a change in supervisors, the ALJ analyzed and applied Equal Employment Opportunity Commission ("EEOC") guidance to the facts of this case. (A.R. Vol. 3, Tab 30 at p. 5-6). As the ALJ explained, "several circuits have found no right to a change in supervisors as a form of reasonable accommodation." (*Id.* at p. 5 (citing *Gaul v. Lucent Tech.s, Inc.,* 134 F.3d 576, 581 (3d Cir. 1998); *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 526 (7th Cir. 1996))). Accordingly, the ALJ's finding that a change in supervisors -- particularly given the nature of Plaintiff's work and the unavailability of other supervisors -- was not a reasonable accommodation was not arbitrary, capricious, or an abuse of discretion.

Furthermore, the ALJ considered whether other accommodations would have resulted in Plaintiff obtaining the required certification.[6] (A.R. Vol. 3, Tab 30 at p. 6-7). Specifically, the

---

[5] The court also notes that the ALJ's rulings regarding reasonable accommodations were alternative rulings. (A.R. Vol. 3, Tab 30 at p. 5). The ALJ's primary holding was that Plaintiff was not a "qualified disabled employee" and, therefore, the Agency had no duty to accommodate her. (*Id.*). In finding that Plaintiff was not a "qualified disabled employee," the ALJ examined whether a Level III certification was a "job-related requirement" or an "essential function of the position." (*Id.* at p. 4-5). The court finds no abuse of discretion in this ruling, considering that "a Level III certification is a condition of [Plaintiff's] employment, *i.e.*, a necessary credential to hold the position." (*Id.* at p. 4).

[6] Plaintiff also argues that the ALJ's holding that the record does not reflect that Murphy put the Agency on notice that her medical condition prevented her from obtaining the required certification is arbitrary, capricious, and an abuse of discretion. (Doc. # 55). In considering whether the Agency should have granted Plaintiff another

ALJ considered whether the Agency should have granted Plaintiff additional time to achieve the required certification and, after reviewing the facts, found that "it is . . . speculative whether additional time would have resulted in [Plaintiff] obtaining the required certification." (*Id.*). In addition, the ALJ's decision not to consider any suggested accommodations identified by Plaintiff for the first time during the hearing or in Plaintiff's post-hearing brief was not arbitrary, capricious, or an abuse of discretion. Further, the decision is consistent with the ALJ's hearing order. (A.R. Vol. 1, Tab 10 at p. 2 ("In presenting evidence at the hearing, you will be limited by your prehearing submissions, except for good cause shown.")).

### B. Contrary to Plaintiff's Argument, the MSPB's Decision Was Obtained with Procedures Required by Law, Rule, or Regulation

Plaintiff does not assert that she did not receive a fair hearing or that the MSPB violated the appellate procedures laid out in 5 U.S.C. § 7701. Rather, Plaintiff contends that the ALJ's decision was not obtained with procedures required by law, rule, or regulation because (1) the Agency did not follow its own procedures when it decided to remove Murphy because she was entitled to a reasonable accommodation under the Agency's Standard Operating Procedure ("SOP")[7] and (2) the ALJ's finding that Murphy is not a qualified disabled employee did not

---

extension to achieve her required certification, the ALJ noted, "[t]he record does not reflect that [Plaintiff] put the agency on notice that it was her medical condition which prevented her from obtaining the required certification." (A.R. Vol. 3, Tab 30 at p. 7 n.3). Plaintiff's contention appears to be a substantial evidence argument. But when reviewing whether decisions were supported by substantial evidence, the court "defer[s] to the agency's findings of fact even if [the court] could have justifiably found differently." *Kelliher*, 313 F.3d at 1277. Under this deferential standard, the court accepts the ALJ's findings as true. *See id.*

Furthermore, this factual finding was not central to the ALJ's ruling. As the ALJ explained, whether Plaintiff had asked for more time is irrelevant because Plaintiff did not establish that the Agency had a duty to accommodate her. (A.R. Vol. 3, Tab 30 at p. 7 n.3).

[7] Before the ALJ, Plaintiff alleged that the Agency committed harmful procedural error for two reasons: (1) by allowing the proposing and deciding official to be the same person and (2) by not following its own SOPs regarding reasonable accommodations. (A.R. Vol. 3, Tab 30 at p. 8-9). In addressing Plaintiff's first argument, the ALJ found that Plaintiff "did not identify a law, rule, or regulation that required the agency to appoint different people to be the proposing and deciding officials" and that the MSPB "has previously held that the proposing and deciding official may be the same." (*Id.* at p. 9). In addressing Plaintiff's second argument, the ALJ explained that this contention

9

follow procedures required by law, rule, or regulation. (Doc. # 55). As stated above, the court previously ruled on and dismissed Plaintiff's discrimination claims and declines to repeat this review. (Docs. # 15, 48).

After reviewing the record, the court finds that the MSPB followed proper rules and procedures while evaluating Plaintiff's appeal of her removal. *See Musgrove v. Vilsack*, 173 F. Supp. 3d 1337, 1349 (M.D. Ga. 2016). Plaintiff received a full and fair hearing under the applicable MSPB procedures, was represented by counsel throughout the appellate process, submitted evidence on her own behalf, and testified on her own behalf. Accordingly, the court finds no basis for disturbing the MSPB's decision based on this matter. *See id.*

### C. The MSPB's Decision Was Supported by Substantial Evidence

"When reviewing administrative decisions to determine if they are supported by substantial evidence this court examines the entire record but defers to the agency's factual determinations as long as there is relevant evidence that supports the finding as reasonable." *Kelliher*, 313 F.3d at 1277. Under this standard of review, the court "defer[s] to the agency's findings of fact even if [the court] could have justifiably found differently." *Id.* Accordingly, the court does not re-weigh the MSPB's credibility choices. *Id.*

Testimony and the evidence contained in the administrative record support the ALJ's determinations. The MSPB held an eight-hour hearing where the ALJ heard the testimony of Plaintiff, her second-line supervisor, her psychiatrist, a Humans Resources representative, and Plaintiff's husband. (A.R. Vol. 4). The ALJ considered this testimony and the records received into evidence. (*See* A.R. Vol. 3, Tab 30). The ALJ's decision that Plaintiff failed to meet a

---

was moot because it found that Plaintiff was not a "qualified disabled employee." (*Id.* at p. 8). Neither of these rulings was obtained without procedures required by law, rule, or regulation.

condition of employment and that removal was a reasonable penalty for this failure is supported by substantial evidence.

IV. **Conclusion**

Because the court finds that the decision of the MSPB was not arbitrary or capricious, was not made without regard to the law, and was based on substantial evidence, the court concludes that the final decision of the MSPB is due to be affirmed. *See Kelliher*, 313 F.3d at 1278. The court will enter a separate order in accordance with this memorandum opinion.

**DONE** and **ORDERED** this December 19, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE